UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22cv21417

ARTURO ROJAS,

    Plaintiff,
vs.

GQ INVESTMENTS LLC
d/b/a FINE ART HANDCRAFTED LIGHTING,
LAURA GOLDBLUM, and
RENE QUINTANA,

    Defendants.
_____/

## Introduction

1. This is an action by Arturo Rojas ("Rojas") under to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") for unpaid overtime wages.

2. Rojas seeks damages, reasonable attorneys' fees and costs, and all other remedies allowable by law.

## Parties, Jurisdiction, and Venue

3. Rojas was formerly employed by GQ Investments LLC d/b/a Fine Art Handcrafted Lighting ("Defendant") and performed work for Defendant in Miami-Dade County, Florida.

4. Defendant, GQ Investments LLC d/b/a Fine Art Handcrafted Lighting ("Fine Art") is, and was, a Florida company conducting business in Miami-Dade County, Florida at all relevant times.

5. Rojas is over the age of eighteen and is otherwise *sui juris*.

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

6. Defendant Fine Art is an employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203.

7. Defendant, Laura Goldblum ("Goldblum"), is over the age of eighteen and is otherwise *sui juris*.

8. At all material times, Goldblum was and is an owner and operator of Fine Art.

9. Defendant, Rene Quintana ("Quintana"), is over the age of eighteen and is otherwise *sui juris*.

10. At all material times, Quintana was and is an owner and operator of Fine Art.

11. Jurisdiction in this Court is proper because Defendants reside in this jurisdiction and the acts and/or omissions giving rise to this action occurred in the jurisdiction of this Court.

12. Venue is proper in this Court because Defendants transact business in Miami-Dade County, maintain a principal place of business in Miami-Dade County, employed Rojas in Miami-Dade County, and the claims arose in Miami-Dade County.

A. **Defendant's Business And Interstate Commerce**

13. The primary purpose of Fine Art is to provide custom designed lighting fixtures for residential and commercial customers across the country and around the world.

14. Upon information and belief, Fine Art's annual volume of sales or business exceeded $500,000 annually for every relevant year.

15. At all relevant times, Defendants employed two or more employees, including Rojas that customarily, continually, and regularly provided goods and services in interstate commerce.

16. Defendants are employers engaged in interstate commerce and subject to the FLSA.

2 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

**B. Rojas's Employment and Defendants' Failure to Properly Pay Rojas**

17. Rojas has worked for Defendant for more than 20 years as a Customer Service Representative.

18. Rojas's primary duties consisted of providing insides sale services at one of Defendant's showrooms both in-person and via telephone.

19. Rojas was not at any point customarily or regularly engaged away from Defendant's place of business to conduct sales.

20. During Rojas's employment, he routinely worked beyond forty hours per week. On average, Rojas worked fifty hours per week for every week of his employment with Defendant.

21. Rojas did not receive overtime compensation for the weeks in which he worked more than forty (40) hours.

22. Rojas did not receive any commission compensation for sales he generated.

23. Rojas worked exclusively from a fixed site at one of Defendant's show rooms to generate sales in person and by telephone.

24. Rojas did not conduct any in-person sales calls.

25. Rojas did not manage or otherwise direct the work of any other employees for Defendant.

26. Rojas did not have any hiring or firing authority.

27. Rojas was not involved in the management of Defendant's business.

28. Defendant failed to maintain accurate records as to Rojas's work hours during the time he was a salaried employee.

29. No exemptions to the FLSA's overtime requirements were applicable to Rojas's employment.

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

30. Defendants Goldblum and Quintana purchased Fine Art in 2018.

31. Prior to the purchase, Defendants Goldblum and Quintana were members of the Fine Arts executive team and exercised day-to-day control over Fine Art.

32. After the purchase, Defendants Goldblum and Quintana continued to exercise control over the day-to-day operations of Fine Art.

33. Defendants Goldblum and Quintana exercised financial control over Fine Art.

34. Defendants Goldblum and Quintana were responsible for ensuring that Rojas and other Fine Art employees were properly compensated under the FLSA.

35. As such, Rojas now seeks payment for all overtime hours worked in the past three (3) years, liquidated damages, and attorneys' fees and costs.

## COUNT I
## OVERTIME VIOLATIONS BY FINE ART
## UNDER THE FAIR LABOR STANDARDS ACT

36. Rojas re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

37. Upon information and belief, Defendant's annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

38. As part of its business, Defendant provided goods and services impacting interstate commerce during the relevant period.

39. During the relevant period, Defendant was an employer engaged in interstate commerce and subject to the FLSA.

40. During his employment with Defendant, Rojas worked overtime hours.

41. Defendant, however, failed to compensate Rojas for overtime hours despite his position not being subject to any exemption.

PERERA ALEMÁN
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

42. Rojas owed overtime back pay.

43. In addition, Defendant is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Rojas against Defendant under the FLSA;

b. Award Rojas actual damages for the unpaid wages;

c. Award Rojas liquidated damages;

d. Award Rojas his attorneys' fees and costs;

e. Award Rojas all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II
## OVERTIME VIOLATIONS BY LAURA GOLDBLUM
## UNDER THE FAIR LABOR STANDARDS ACT

45. Rojas re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

46. During the relevant period, Goldblum was an owner, corporate officer, and operator of Fine Art.

47. During the relevant period, Goldblum operated the day-to-day activities of Fine Art, had supervisory authority over Rojas, and was partially or totally responsible for paying Rojas in accordance with the FLSA.

48. Goldblum was Rojas's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

49. Rojas is owed unpaid overtime compensation pursuant to the FLSA.

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

50. Goldblum is jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of Defendants' intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

a. Enter judgment for Rojas against Defendant under the FLSA;

b. Award Rojas actual damages for the unpaid wages;

c. Award Rojas liquidated damages;

d. Award Rojas his attorneys' fees and costs;

e. Award Roajs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT III
## OVERTIME VIOLATIONS BY RENE QUINTANA
## UNDER THE FAIR LABOR STANDARDS ACT

51. Rojas re-alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if fully set forth herein.

52. During the relevant period, Quintana was an owner, corporate officer, and operator of Fine Art.

53. During the relevant period, Quintana operated the day-to-day activities of Fine Art, had supervisory authority over Rojas, and was partially or totally responsible for paying Rojas in accordance with the FLSA.

54. Quintana was Rojas's employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

55. Rojas is owed unpaid overtime compensation pursuant to the FLSA.

6 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

56. Quintana is jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of Defendants' intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiff respectfully requests that the Court:

g. Enter judgment for Rojas against Defendant under the FLSA;

h. Award Rojas actual damages for the unpaid wages;

i. Award Rojas liquidated damages;

j. Award Rojas his attorneys' fees and costs;

k. Award Roajs all recoverable interest; and

Award any other relief this Honorable Court deems just and proper.

## JURY DEMAND

Rojas demands a jury trial on all issues so triable.

7 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232

Dated: May 6, 2022

                                                                Respectfully submitted,

*By: /s/ **Alexandra C. Hayes***
Bayardo E. Alemán, Esq.
Florida Bar No. 28791
bayardo@pba-law.com
Alexandra C. Hayes, Esq.
Florida Bar No. 109482
alex@pba-law.com
Alexander T. Harne, Esq.
Florida Bar No. 126932
harne@pba-law.com
**PERERA ALEMÁN**
2030 South Douglas Road, Suite 203
Coral Gables, FL 33134
Telephone: 786-485-5232

8 | P a g e

**PERERA ALEMÁN**
12555 Orange Drive · Second Floor · Davie, FL 33330
2030 South Douglas Road · Suite 203 · Coral Gables, FL 33134
www.PBA-Law.com · Phone (786) 485.5232